Robert H. **BUCHANAN**, Petitioner and Appellant,

v.

N.D. "Pete" **HAYWARD**, Sheriff, of Salt Lake County, Defendant and Respondent.

No. 18779.

Supreme Court of Utah.

April 7, 1983.

---

Robert H. Buchanan, pro se.

David L. Wilkinson, Ted L. Cannon, Richard S. Shepherd, Salt Lake City, for defendant and respondent.

## PER CURIAM:

Petitioner appeals the denial of a writ of habeas corpus wherein he challenged the legality of being returned to California to complete a sentence in that state.

Petitioner was serving a prison term in California when he learned of felony charges pending against him in Utah. Pursuant to the Interstate Agreement on Detainers,[1] petitioner executed documents requesting final disposition of the Utah charges. The Utah prosecutor thereupon filed appropriate documents and obtained custody of petitioner. On September 29, 1982, petitioner entered guilty pleas to two Class A misdemeanors—carrying a concealed dangerous weapon and bail jumping. He was sentenced to serve one year in the county jail, said sentence to run "conterminous" (concurrently) with the California sentence.

In his petition for writ of habeas corpus, petitioner contends that his release to Utah constituted a waiver and relinquishment of jurisdiction by California and that the California judgment was thereby satisfied. Petitioner ignores the fact that his transfer was made pursuant to the Interstate Agreement on Detainers ("Agreement") and not under the auspices of the Extradition Act. Article V of the Agreement explicitly provides as follows:

(e) At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state.

*    *    *    *    *    *

(g) For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state and any escape from temporary custody may be dealt with in the same manner as an escape from the original place of imprisonment or in any other manner permitted by law.

Utah's custody of petitioner is therefore only temporary and, incidentally, is the result of petitioner's own request.[2]

Petitioner's supplemental contention that California now lacks jurisdiction over him because he entered pleas to misdemeanors and not felonies is also without merit. There is no restriction in the Agreement as to type or degree of the crime. It applies to all "untried indictments, informations or complaints." Likewise, the facility in which petitioner serves his Utah sentence (the county jail) has no effect on California's continued jurisdiction over petitioner.

Before ruling on the petition, the trial court heard arguments by petitioner pro se and by counsel for defendant. On appeal, petitioner claims that he was denied an evidentiary hearing. Since the question presented is basically a legal one, we see no useful purpose that an evidentiary hearing would have served.

The denial of petitioner's writ of habeas corpus is affirmed.

---

1.  U.C.A., 1953, § 77–29–5, et seq.

2.  See *Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), and *Gibson v. Morris,* Utah, 646 P.2d 733 (1982). Petitioner correctly notes that where custody of a person is obtained by the process of extradition, the sending state does waive jurisdiction. *State v. Saunders,* 288 Mo. 640, 232 S.W. 973 (1921). For a comparison of the two procedures see generally, *Hystad v. Rhay,* 12 Wash.App. 872, 533 P.2d 409 (1975).